JOHN MYHRA, Appellant, v. THORWALD RUSTAD, Hilda R. Roberts, formerly Hilda R. Olson, E. E. Alexander and Galchutt State Bank, and All Persons Having or Claiming an Estate in, or Lien or Encumbrance upon, the Property Described in the Complaint. HILDA R. ROBERTS, Respondent.

(225 N. W. 796.)

Opinion filed June 5, 1929.

*Purcell & Heder,* for appellant.

*Lauder & Lauder* and *Lewis E. Jones,* for respondent.

BIRDZELL, J.   On October 1, 1921, Thorwald Rustad and Inga Rustad gave to John Myhra, the plaintiff in this action, their mortgage note for $2,000 due five years from date.   The note was attached to a cover which bore on the back a description of its contents, part of which is "Secured by NE¼-1–133–49."   No mortgage was executed at the time, and it appears from the testimony of Myhra that he did not discover that he had no mortgage until shortly before the bringing of this action in April, 1927.   In the complaint it is alleged that the defendant Rustad promised and agreed to make, execute and record a mortgage upon the northeast quarter of section 1, township 133, range 49, to secure the indebtedness evidenced by the note and that he would thereafter cause the same to be delivered to the plaintiff.   It is also alleged that Rustad represented in writing that the note was secured by a first mortgage deed upon the same land and the plaintiff, relying upon the said representation, loaned him $2,000.   The plaintiff further alleges that the defendants, within a month after the giving of the note, had notice that the plaintiff claimed a mortgage lien upon the land as security for the note and that any interest any of the defendants may have acquired was procured with notice of the lien claimed by the plaintiff and of his equities.   The separate answers of the various defendants deny generally the execution of any mortgage by Rustad or the existence of any agreement whereby he had become bound to give a mortgage, and they deny notice of any equity in favor of the plaintiff. The defendants claiming interests in the property adverse to the plaintiff set them up by appropriate allegations.   The principal defendant, Hilda R. Roberts, who had owned an undivided half interest in the land at the time of the loan, claimed title to the whole by virtue of a subsequent conveyance from Rustad.   The trial court made findings to

the effect that Thorwald Rustad had given Myhra the note in question as alleged and that simultaneously therewith had promised that he would make, execute and record a mortgage upon his undivided one-half interest in the Northeast Quarter of Section 1, Township 133, Range 49, which mortgage was never executed; that Myhra was a man of considerable business experience, accustomed, to loaning money in large amounts upon real estate security; that from the 1st day of October, 1921, to the early part of April, 1927, he had never made any investigation to ascertain whether or not Rustad had in fact recorded a real estate mortgage securing the $2,000 note; that he had never asked Rustad for the mortgage or spoken to him about the matter; that in December, 1922, the plaintiff upon a certain occasion told the defendant Hilda Roberts that Thorwald Rustad had given him a mortgage for $2,000 on the quarter section of land which she and Rustad owned together; that Hilda Roberts did not then understand or appreciate the significance of the statement "sufficient to apprise her that there might be an unrecorded real estate mortgage upon Thorwald Rustad's interest in the property involved in this suit, or that her brother had agreed to give John Myhra a mortgage upon his half interest in said real estate." It was further found that Rustad afterward mortgaged his interest in the property to Hilda Roberts as security for a $3,000 indebtedness and later, in May, 1925, in full payment of the indebtedness and in satisfaction of the mortgage, deeded his interest to Hilda Roberts. Judgment was entered in favor of the plaintiff and against Rustad for the amount due on the $2,000 note, and the action was dismissed as to Hilda Roberts. The plaintiff appeals and brings the action here for trial de novo.

There is no serious controversy as to the facts. The findings are well supported by the evidence. The plaintiff and appellant, however, argues that the notice given to Hilda Roberts by the plaintiff in 1922 was sufficient notice of the equity in his favor arising out of Rustad's agreement to execute a mortgage. The substance of the testimony relied upon to establish notice is as follows: Myhra testified that on the 18th of December, 1922, at a restaurant in Minneapolis he had a conversation with Mrs. Roberts who had inquired as to conditions in North Dakota. He told her that Thorwald Rustad, her brother, had given him a mortgage for $2,000 "on that quarter which she and him

had together." She asked if there was any sale for land and he said there were some sales being made and then he told her he had a mortgage on that land for $2,000, and she inquired as to how that could be as long as she had a half interest in it. Myhra said "Well, Thorwald and his wife they executed a mortgage and recorded it and give— not give it to me—executed a mortgage on that land." (This answer was stricken out.) He told her Rustad could mortgage his interest in it. He never learned that a mortgage had not been executed until just prior to the bringing of this action. Mrs. Roberts remembered the occasion but did not recall the conversation.

"Actual notice," according to the civil code (§ 7288), consists in express information of a fact, and "constructive notice" (§ 7289) is notice imputed by the law to a person not having actual notice. According to § 7290, every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact and who omits to make such inquiry with reasonable diligence is deemed to have constructive notice of the fact itself. According to the testimony of Myhra—and this is the plaintiff's strongest evidence—he stated to Mrs. Roberts that he had a mortgage from Rustad, but it appears that he did not have such a mortgage; that the only obligation in his favor affecting the land rested upon Rustad's verbal promise to execute a mortgage. He does not say that he told Mrs. Roberts that Rustad had made such a promise. If his statement to her was notice of anything, it was notice that he had a mortgage; but in fact he had no mortgage. According to the clear implication of § 7291, a notice which is false is not valid. The section reads: "A notice which is false when given is not valid by the subsequent happening of the event."

We agree with the trial court that the evidence in the instant case is not sufficient to charge the defendant Roberts with knowledge of the equity now claimed by the plaintiff to have resulted from the verbal promise of Rustad to execute a mortgage in his favor.

The appellant strongly relies upon the case of Foster Lumber Co. v. Harlan County Bank, 71 Kan. 158, 114 Am. St. Rep. 470, 80 Pac. 49, 6 Ann. Cas. 44, as authority for his contention that a verbal promise to execute a mortgage may result in creating a valid equitable mortgage notwithstanding the statute of frauds. In view of the in-

adequacy of the notice here to charge the defendant with knowledge of the plaintiff's equitable claim, we are not concerned with whether or not the plaintiff might have had specific performance as against Rustad, but we would call attention to an important fact in the Kansas case which is not present in the instant case. There the lender advanced money for the purpose of buying the specific tract of land upon which the borrower had agreed to give a mortgage when the title was obtained. This circumstance smacks of a resulting trust which is not within the statute of frauds. We express no opinion as to whether or not the verbal promise in the instant case might have been enforced against the defendant Hilda Roberts, if at the time of taking the conveyance she had had notice of the plaintiff's claim.

The judgment appealed from is affirmed.

BURKE, Ch. J., and NUESSLE, BURR, and CHRISTIANSON, JJ., concur.